PARKER STATE BANK, Respondent v. FIELDS, et al, Appellants

(13 N. W.2d 302.)

(File No. 8631.   Opinion filed February 25, 1944.)

Rehearing Denied April 4, 1944.

**Danforth & Seacat**, of Alexandria, and **R. M. Sheild**, of Salem, for Appellants.

**Alan Bogue**, of Vermillion, for Respondent.

**Everett A. Bogue**, of Vermillion, for Administrator.

RUDOLPH, J.   The facts in this case are not in dispute. The result of this litigation must be determined by a construction of the will of Ubbe Johnson, deceased.   In 1907 Ubbe Johnson and his wife, Mareka Johnson, executed an instrument purporting to be their last will and testament, set forth in the briefs as follows:

" 'We, Ubbe Johnson and Mareka Johnson, and each of us, being of sound mind and memory; aware of the uncertainty of life and the certainty of death, and desirous of an equitable and proper disposition of our property and that each of us at our decease, do make, ordain, publish and declare this to be our and each of our, last Will and Testament, in manner and form following; that is to say:

" 'First:   We desire the payment of all our debts and funeral expenses.

" 'Second:   On the death of either of us the other shall continue to occupy and have exclusive possession of the homestead where we now reside and the sole use of the same as long as she or he may live.

" '(Here followed specific bequests to Ubbo and Katie Johnson, children of the testators, born of their marriage.)

" 'All the rest, residue and remainder of our estate and that of each of us of every kind and nature and wheresoever situate we and each of us devise, give and bequeath to the following children, John U. Johnson, Jerry Johnson, Wiard Johnson, Edward Johnson, Henry Johnson, Ubbe Johnson, Herman H. Alberts, Johan Alberts, Henrich Alberts, Bernie

Alberts, Nellie Hilbrand (formerly Nellie Johnson), Anna Schmidt (formerly Johnson), Gebke Heath (formerly Johnson), Johanna Dentel (formerly Johnson), and Katie Johnson, share and share alike, provided however, that no part of our said estate except the special devise to Ubbo Johnson and the special devise to Katie Johnson, shall be distributed to the devisees hereinbefore named until after the death of both the testators, the said Ubbe Johnson and Mareka Johnson. And provided further that this devise shall be subject to the use of the homestead hereinbefore reserved to said testators. We further direct that in case of the death of any one of the above named devisees prior to the death of the within named testators leaving children then and in that case, such child or children shall take the share which would have belonged to its or their parents under this will.

" 'Likewise, we make, constitute and appoint John U. Johnson to be our executor of this, our last will and testament, hereby revoking all former wills by us made, and the said Ubbe Johnson directs that in case he shall die before his said wife, Mareka Johnson, then and in that case the said Mareka Johnson shall be executor with said John U. Johnson.

" 'In Witness Whereof, I have hereunto subscribed my name and affixed my seal this twelfth day of November, in the year of our Lord, One thousand nine hundred and seven.

"Ubbe Johnson (Seal).
"Mareka Johnson (Seal).' "

Ubbe Johnson died in 1917 and the above instrument was admited to probate as his last will and testament. No distribution of the estate was made during the life of the wife, Mareka Johnson. In January, 1934, the plaintiff, Parker State Bank, recovered a judgment against Nellie Hilbrand, one of the devisees named in the will. Nellie Hilbrand died in May, 1934, subsequent to the recovery of the judgment against her. The wife, Mareka Johnson, did not die until November, 1940. Following the death of Mareka Johnson, the administrator of the estate petitioned

the county court for an order to sell the real estate belonging to the estate for the purpose of distribution. The Parker State Bank then commenced this action for the purpose of having its judgment declared a lien upon a one-fifteenth interest of the estate which the bank claims became the property of Nellie Hilbrand under the provisions of the will of Ubbe Johnson. The trial court entered judgment in favor of the bank and the children of Nellie Hilbrand have appealed from the judgment entered.

■ Considerable argument has been devoted to the question of whether the instrument here involved constitutes a joint or a mutual will or the will of Ubbe Johnson only. However, whether the will is in legal effect a joint or a mutual will, we do not believe to be material. For the purpose of this opinion, respondent's contention that the will must be considered as the will of Ubbe Johnson only, may be conceded. Looking at the will as the will of Ubbe Johnson the question to be resolved is whether the judgment of the Parker State Bank is enforceable against the one-fifteenth part of this estate which the bank contends passed to Nellie Hilbrand under the terms of the will of Ubbe Johnson.

■ It is a cardinal rule of construction of every will that the intention of the testator, so far as it can be determined and legally carried out, must govern. SDC 56.0301. It follows that the first question which arises is: Who did Ubbe Johnson intend should take the one-fifteenth interest here in dispute? In the first instance, the interest here involved is devised to Nellie Hilbrand under that portion of the will which provides:

"All the rest, residue and remainder of our estate and that of each of us of every kind and nature and wheresoever situate we and each of us devise, give and bequeath to the following children, * * * Nellie Hilbrand * * *"
However, it is clear, we believe, that this devise is not without some limitations for immediately following there is the further provision that the interest devised shall not "be

distributed to the devisees hereinbefore named until after the death of both the testators, the said Ubbe Johnson and Mareka Johnson." We think it clear, that considering this as the will of Ubbe Johnson only, it was the testator's expressed intention by that portion of the will just above cited, to withhold any distribution of the estate to the children until a time subsequent not only to his death but also subsequent to the death of Mareka Johnson. Following this provision there is the further provision providing:

"We further direct that in case of the death of any one of the above named devisees prior to the death of the within named testators leaving children then and in that case, such child or children shall take the share which would have belonged to its or their parents under this will."

Respondent construes the word "testators" appearing in this sentence of the will as "testator" and contends that it was the intention of Ubbe Johnson to provide that in case of the death of any one of the devisees prior only to his death, that then the children of such devisee should take under the will. We cannot agree with this construction. Clearly there is the specific provision that the estate should not be distributed until after the death of both Ubbe Johnson and Mareka Johnson. When this clear provision as to distribution is followed by the further provision that in a case of the death of any devisee prior to the death of the "testators", it would not be logical or reasonable, in our opinion, to construe the word "testators" as being singular and referring only to Ubbe Johnson.

■ By the language of the will it seems clear that it was the intention of the testator that the property should go under the will to the named devisees only in the event that they outlived both Ubbe and Mareka Johnson, and in case of their not doing so the property should go to their children by force of the will; that whatever interest Nellie Hilbrand would have should terminate at her death if that event occurred before the death of either Ubbe or Mareka, and upon such death the interest she had would go to her children. If this is the proper construction, and we believe

it is, not only the interest of Nellie Hilbrand, but that of her judgment creditor, was terminated by her decease.

■ Whether the title to the one-fifteenth part of this estate ever vested in Nellie Hilbrand, we believe is immaterial. Even conceding that title vested in her at death of Ubbe Johnson, nevertheless, this title was conditioned upon the specific provision of the will that she outlive Mareka, and in the event that she did not the title in her was terminated and thereupon vested in her children. At the best, Nellie's title was conditional, and the condition which would defeat her title having transpired, there was nothing left either for Nellie's estate or the judgment creditor.

The judgment appealed from is reversed.

WARREN, P.J., and POLLEY and ROBERTS, JJ., concur.

SMITH, J., not participating.